GEORGE W. KOONTZ, Appellant, v. IOWA CITY STATE BANK et al., Appellees.

PLEADING:  General Limited by Specific.  Broad and general allegations as grounds for recovery may be wholly eliminated by

a subsequent pleading which specifies with particularity the grounds relied on for a recovery. So held where the original pleading claimed recovery on the sweeping allegation that the defending party had *breached* a contract; while a later pleading, filed to meet a motion for more specific statement, alleged *two* distinct grounds.

**BONDS:** Rescission and Recovery of Deposit. One who agrees to buy bonds of a municipal corporation, provided he is "furnished a complete transcript of all proceedings leading up to the issue, evidencing the legality to the satisfaction of our attorney," may not rescind because the method and means of paying the bonds were not inserted in the bonds, such latter matter not being a proceeding "leading up to the issue," especially in view of the doubt as to the power of the governing body (a school board) to insert such provisions in the bonds. •

**BONDS:** Contract to Purchase—Rescission—Estoppel. One who agrees to buy municipal bonds, provided the proceedings leading up to the issuance of the bonds, in the opinion of his attorney, properly evidence the legality of the bonds, may not rescind and recover his deposit on the ground that the notices of the election to vote on such issue were not properly given, when, prior to the attempted rescission, the buyer's attorney had distinctly conceded the sufficiency of the proceedings relative to notices, etc., and the corporation necessarily did nothing further with reference thereto.

**PLEADING:** Mistake. Mistake, as the basis for relief, must be distinctly pleaded, and accompanied with appropriate prayer and proof.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

MARCH 12, 1918.

REHEARING DENIED JUNE 27, 1918.

UNDER a contract between him and the school district of which appellant Koontz is treasurer, the intervenor undertook to buy bonds, to be issued by the district. In connection, he made a deposit with defendant bank. He asserts he is entitled to a return of said deposit, because of failure on part of the district to comply with said contract. The trial court awarded a return. Hence this appeal.— *Reversed.*

*E. A. Baldwin,* for appellant.

*Milton Remley,* for appellees.

SALINGER, J.—I. Assume intervenor originally declared he was entitled to a return of his deposit because the contract had been breached by the district. If such claim be not thereafter narrowed, he may

1. PLEADING: general limited by specific.

recover it *any* breach be proved. But as intervenor could refrain from suing, or dismiss after suing, and so waive all breaches, he could, upon the trial, forego some of the breaches by selecting from all, those which he desired to declare upon. He did narrow his suit. In response to a motion that he be required "to specifically state wherein and in what particular the bonds referred to were found to be illegal by the intervenor's attorney * * * and wherein the proceedings had by * * * the district did not evidence the legality of the issue of said bonds to the satisfaction of said intervenor's attorney," the intervenor selected two "particulars." We think that, so, the intervenor narrowed his suit to a claim that his deposit should be returned on account of one or both of the two points selected by him.

II. Had there been no contract, the intervenor could recover his deposit only by showing that the bonds he had undertaken to buy were *in fact* illegal because of one or both the matters which he asserted against

2. BONDS: rescission and recovery of deposit.

their validity. If the good-faith opinion of his attorney, and not the fact of illegality,—and that is the theory of this suit,—is to control, the contract must create this exceptional method of determining whether a party to a contract is justified in rescinding. The contract provides that intervenor shall be furnished a complete certified transcript "of all proceedings *leading up to the issue,* evidencing the legality of the same to the satisfaction of our attorney;" and that the

district "will take such steps as may be necessary to make the bonds legal in every respect;" and that, "if the bonds are found to be illegal," then the deposit made shall be returned to intervenor.

The specific controls the general language. Qualifications must be read. into what is qualified. Upon the application of these elementary rules of construction, it must be found that no failure to make proof of legality to the satisfaction of the attorney is material, except as to steps "leading up to the issue." The attorney—a Mr. Hill, and not the attorney who represents the appellee herein—was dissatisfied on two things. Whether the failure to satisfy him on these is controlling, and the judgment below, therefore, right, depends, then, upon whether the unfavorable opinion of the attorney deals with some step *leading up to* the issue of the bonds. One breach asserted by the intervenor is, in one place, stated to be that there was a failure to show "that any proper resolution was adopted, making provision for the payment of the annual interest for the bonds at maturity  *  *  *  that said board refused to pass a resolution providing for the levying of an annual tax in sufficient amount to pay the interest year by year, or in any way to pledge itself to provide for the payment of the bonds at maturity and make said pledge irrepealable." Another statement is that the board declined to adopt a resolution "that there shall be levied annually, beginning with the year 1913, on all the taxable property in said Independent School District, a special direct annual tax of sufficient rate and amount with which to pay the interest on said bonds as it becomes due and to constitute a sinking fund for the payment of the principal thereof at maturity, which said tax levy and this resolution ordering the same shall be and remain irrepealable so long as any of said bonds or interest coupons shall remain outstanding and unpaid."

We are of opinion that, no matter how desirable it may be that the bond, when issued, shall contain such provisions for its payment, a failure to insert such a provision is not a failure as to any step "leading up to the issue." We shall have occasion later to deal with what is such a step. What we now decide is the following: The claim of the intervenor is that he may rescind because it was the opinion of his attorney that failure to make such provision did affect the validity of the issue. We hold that the contract gave the attorney no power to determine whether failure to make such provision for payment affected legality; and we put this much of our decision upon the sole ground that the contract gives the attorney no such power, because provisions in the completed bond fixing method and means of payment are not steps leading up to the issue. Hence, it was no breach of the contract that the attorney was not satisfied that a bond which had no such provision is valid.

We doubt whether the failure to make this sinking fund arrangement would be available to the intervenor if the contract included this subject in what is to be controlled by the opinion of intervenor's attorney. The parties made their contract with reference to the law of the state. The district lacked power to make some, if, indeed, not all, the provisions demanded. Its powers were limited to certifying to the board of supervisors the basis for making a levy, year by year. We should be loath to hold that an opinion which declared a bond issue to be illegal because the issuer would not do a thing which the law did not authorize it to do, was binding on anyone. Such an opinion as that would be quite strong evidence that it was not rendered in good faith.

III.   The second attack is that the district "failed to show proper evidence of the election notice having been given by the publication of the notice of the election as

required by law." This *does* involve a step

**3. BONDS: contract to purchase: rescission: estoppel.**

leading up to the issue, and failure to satisfy the attorney that lawful notice was given would sustain the recovery of the deposit, unless there be some avoidance. The attorneys for the respective parties engaged in much correspondence, in which the one for intervenor claimed the publication was not sufficient, and the other, that it was. Finally, the attorney for the intervenor, Mr. Hill, receded, and wrote a letter which refers to the opinion of the attorney for the district, and states that, "from a further examination of the various laws and amendments pertaining to the issuance of bonds by school districts of Iowa, I am willing to accede to the position which he outlines as to the authority for the present issue." The writer of this opinion believes that, as to any matter which *is* a step leading up to the issue, the opinion of the attorney for the bond buyer is, in the absence of bad faith, binding upon *both* buyer and seller. Indeed, appellee, in effect, concedes this. He plants himself on the proposition that the district can have no benefit from the opinion of the attorney of the intervenor, because the district contends it is not bound by any opinion of his when adverse to it; that the opinion is binding on neither, if not binding on both; that it does not lie in the mouth of one who denies the power to bind by such opinion to claim any advantage from such opinion. The vice is in the premise. The district does not say that the opinion of the intervenor's attorney is not binding at all, but that it is binding only as to steps that lead up to the issue of the bonds. Notices of election are steps leading up to the issue of the bonds. So, the district concedes that, upon this point, the opinion of intervenor's attorney is binding; wherefore, it may avail itself of the opinion of said attorney on that point. It may be that, if it were necessary to decide the question, we might not be agreed; but it is not

necessary.   Whether or not the contract made the opinion
of intervenor's attorney on the legality of the publication
of notice binding upon the parties to the contract, the fact
remains that this attorney was the agent of the buyer in
conducting so much of the negotiations as were to settle
legality.   When he advised the other party to the contract
that the objection to the notice would not be insisted on,
the sellers were justified in doing nothing more upon that
point.   It would violate every principle of natural equity
and orderly procedure in litigation to permit the party who
had made this declaration to thereafter recede from his re-
cession.   It is plain we are not concerned with whether the
publication of notice was the one required by law, and we
express no opinion upon the point.   We ground our de-
cision at this point upon the fact that the intervenor is in
no position to urge that the notice was not such as the
law requires.

There is some argument that the attorney for inter-
venor was mistaken in making said concession.   This is a
claim related to the one that the opinion is not as conclu-
sive on the buyer as on the seller.   We have
4. PLEADING:        disposed of that claim.   We may well add
   mistake.
                    that no such issue is tendered in the plead-
ings, and that in no view may intervenor be relieved
for such mistake, if mistake there was, without appropri-
ate plea, prayer, and proof.

We hold that there must be a reversal because the fail-
ure to put methods of payments into the bond was not, as
the trial court of necessity held, a matter upon which the
opinion of intervenor's attorney is material; and because
appellee is estopped to urge that lawful notice of election
was not given.—*Reversed and remanded.*

PRESTON, C. J., LADD, EVANS, GAYNOR, and STEVENS, JJ.,
concur.